## 67443. BUSBEE v. LITTLEJOHN.

SHULMAN, Presiding Judge.

On behalf of himself and a purported class identified as "The People of Georgia," appellee filed suit in Gwinnett County against George D. Busbee and Georgia State Auditor Billy Nixon. The subject matter of the suit was appellant's entitlement to retirement benefits under the involuntary separation provisions of the Employees' Retirement System of Georgia (hereinafter "ERS"). See OCGA Ch. 47-2. Littlejohn contended in his complaint that Busbee could not be considered to be involuntarily separated from his employment as Governor of Georgia because his oath of office obligated him to vacate the Office of Governor voluntarily at the expiration of his term. Littlejohn also asserted that the decision to grant involuntary separation status to Busbee violated the constitutional mandate that the state employees' pension program be actuarially sound. Georgia Constitution 1983, Art. 3, Sec. 10, Par. 5. The relief sought in the complaint was of three varieties. First, appellee asked for a declaration that any legislative act which permitted an actuarially unsound grant of retirement benefits be declared void, that Busbee was not involuntarily separated from state employment, that Busbee had contracted with the people of Georgia to serve for only four years, and that an opinion of the Attorney General of the State of Georgia approving of the grant of involuntary separation benefits in such a case has no lawful or constitutional support. Second, appellee sought to have Nixon ordered to withdraw the grant of retirement benefits to Busbee and to have Busbee ordered to return any benefits he had received. Third, appellee prayed for a money judgment against Busbee and Nixon in favor of the ERS in the amount of $100,000.

After the defendants answered, a number of motions were filed. Appellee filed a motion for summary judgment, later amended, and a motion to add the ERS and its Board of Trustees as defendants. Busbee and Nixon filed motions to dismiss. The trial court conducted a hearing and subsequently issued an order dealing with all of the motions filed.

In its order the trial court construed the complaint as having three counts. The first two, which the trial court considered to involve defendant Nixon, alleged that the ERS was unconstitutional because it was not actuarially sound and that defendant Busbee, as an "unclassified employee," could not be a member of the ERS. Those two counts were dismissed on Nixon's motion. The trial court went on to note that defendant Busbee had returned the only check he had received from the ERS. No further reference was made to the demand in the complaint for a money judgment.

The portion of the complaint which the trial court construed as

the third count was based primarily on a contention that defendant Busbee was not entitled to involuntary separation benefits because he was not involuntarily separated from state service. Before addressing the merits of that issue, the trial court made several procedural rulings. The court held that Count 3 was essentially a declaratory judgment action by one group of citizens against another citizen and was not, therefore, an action against the state which would be barred by the doctrine of sovereign immunity. The court went on to hold that there had been no failure to join indispensable parties because there was no claim against the state or any of its officers. The trial court decided that appellee Littlejohn either had standing to bring this suit on the basis of his interest as a citizen in the proper administration of a retirement fund for elected officials or had no need to establish standing because the issues are important and there may be no plaintiff with better standing.

Having found no procedural obstacles, the trial court addressed the merits of the action and held that defendant Busbee, having known when he took the oath of office as Governor that his term in that office would be of finite duration and that he would be ineligible to seek a third term, was not involuntarily separated from state service when his term expired. It is from the judgment entered on the order described above that appellant brings this appeal.

Although the merits of this appeal are of considerable legal and public interest and importance, this court, as a court for the correction of errors of law, is bound to consider the procedural issues as well. The fact that this action was brought and prosecuted by a layman can make no difference in that regard: we must treat this appeal, as we do all appeals, without favor to either side. Our review of the record and of the applicable law impels us to the conclusion that the judgment below is so procedurally defective as to be fatal to an appellate decision on the merits of this matter.

The trial court dismissed all of the action below except for that part which it construed as a petition for declaratory judgment. There has been no separate appeal filed from that decision and the issue has not been raised by cross-appeal. It follows that the declaratory judgment which the trial court issued is the only matter before this court on appeal.

We agree with the trial court's construction of the complaint insofar as it was considered a petition for declaratory judgment. However, the holding of the Supreme Court in *Henderson v. Alverson*, 217 Ga. 541 (123 SE2d 721), leads us to the inescapable conclusion that appellee Littlejohn could not maintain this action: "The plaintiff alleged no deprivation of a personal right or any other interest apart from that of a member of the general public. No facts or circumstances were alleged to show any necessity for a determination of any

dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct which is properly incident to his alleged rights and which future action, without such directions, might reasonably jeopardize his interest. [Cit.] The Declaratory Judgment Act makes no provision for a judgment which is merely advisory. [Cit.]"

Since appellee Littlejohn makes no more claim of personal interest than did the plaintiff in *Henderson,* supra, it is apparent that he has not stated a claim for declaratory relief against appellant Busbee. The trial court erred in denying Busbee's motion to dismiss.

Other procedural issues such as standing to sue, absence of indispensable parties, and venue have been raised on this appeal, but our decision above makes it unnecessary to address the other issues. Regardless of other procedural defects, the absence of a personal interest on the part of the plaintiff destroys his right to seek guidance from the courts, striking at the heart of his right to bring this action. It having been shown that there was no right in this plaintiff to bring this action against this defendant, all other issues are moot.

*Judgment reversed. McMurray, C.J., and Birdsong, J., concur.*

DECIDED FEBRUARY 27, 1984.

*Nickolas P. Chilivis, Kenneth G. Menendez, Joseph B. Haynes, Ralph A. Pitts,* for appellant.

Charles E. Littlejohn, *pro se.*

*Carl C. Jones III, Senior Assistant Attorney General,* for appellee.